# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DANIEL ACOSTA, )
)
          Plaintiff, )
)
vs. )   Case No. 15-1375-EFM-KGG
)
MORTON COUNTY SHERIFF'S )
DEPARTMENT, *et al.*, )
)
          Defendants. )
)

### MEMORANDUM & ORDER ON
### MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
### AND MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with his federal court Complaint alleging violations of his civil rights stemming from an alleged wrongful arrest, Plaintiff Daniel Acosta has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed). He also has filed a Motion for Appointment of Counsel. (Doc. 4.) Having reviewed Plaintiff's motions, as well as his Complaint (Doc. 1), the Court is prepared to rule.

**I.**     **Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 40 years old and single with no dependants.  (Doc. 3-1, at 1.)  He is currently unemployed but previously owned a trucking business.  He lists no income from any source, including Social Security or other government sources.  (*Id*., at 5.)

Plaintiff does not own real property and does not list a monthly rent payment.  (*Id*., at 3-4, 5.)  He does own an automobile, outright, with significant residual value.  (*Id*., at 3-4.)  He also indicates a significant amount of cash on hand.  (*Id*., at 4.)  He enumerates reasonable monthly expenses, including gas,

telephone, and automobile insurance. (*Id*., at 5.)  He does not, however, list a grocery expense. (*Id*.)  He has not filed for bankruptcy. (*Id*., at 6.)

Considering all of the information contained in the financial affidavit, Plaintiff has reasonable monthly expenses and financial obligations with no current income.  Although he lists a significant amount of cash on hand, his lack of income makes this money his only means of survival.  Thus, the Court finds Plaintiff has established that he is entitled to file this action without payment of fees and costs.  The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

**II.     Motion for Appointment of Counsel**.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without

the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

Having granted Plaintiff *IFP* status, *supra*, the Court finds that he has a limited ability to afford counsel, satisfying the first *Castner* factor.  Plaintiff has contacted the requisite number of attorneys required in his motion to appoint counsel (*See* Doc. 4), but none were willing to take his case.  While Plaintiff's Complaint (Doc. 1) does not contain a wealth of factual information, the Court sees no basis to recommend dismissal to the District Court on the face of the pleading, satisfying the third factor.  (Doc. 1.)  The Court thus addresses the fourth *Castner* factor – Plaintiff's capacity to represent himself.  979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422.  The Court notes that the factual and legal issues in this civil rights case are not unusually complex. *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other

4

untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  To the contrary, Plaintiff has shown his ability to represent himself by drafting his federal court Complaint and the two motions addressed herein.  (*See generally*, Docs. 1, 3, 4.)  Further, although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.

The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to his case.  As such, his Motion to Appoint Counsel (Doc. 4) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 10th day of December, 2015.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge